IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA
2007 SEP 20 PM 2:59
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) CIVIL ACTION NO. |
| Plaintiff, | ) ) |
| v. | ) 1:07-cv-1201-DFH-WTL ) |
| LABOR WORKS-INDIANAPOLIS, LLC, and LABOR WORKS INTERNATIONAL, LLC, | ) COMPLAINT ) JURY TRIAL DEMAND ) |
| Defendants. | ) ) |

NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission") brings this action against Labor Works International, LLC, and Labor Works-Indianapolis, LLC (collectively "Labor Works") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Patience Boyd, Shaquanna Ross, and a class of individuals who, because of their sex, were not placed in temporary jobs. As alleged with greater particularity in paragraphs six, seven, and eight below, the Commission alleges that since at least 2006, Labor Works, an employment agency, in continuing violation of Title VII, has engaged in a pattern or practice of failing to assign temporary workers or applicants for temporary work to jobs because of the workers' sex, that Labor Works additionally discriminated against Patience Boyd in retaliation for making a complaint of sex discrimination, and that Labor Works failed to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6 and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6.

4. At all relevant times, Defendant, Labor Works (the "Employment Agency") has procured employees for employers and has operated an employment agency within the meaning of Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

## STATEMENT OF CLAIMS

5. More than thirty days prior to institution of this lawsuit, Patience Boyd and Shaquanna Ross filed charges with the Commission alleging violations of Title VII by Defendant Labor Works. All conditions precedent to the institution of this lawsuit have been fulfilled.

6. Since at least September 1, 2005, Defendant Employment Agency has engaged in unlawful employment practices at its Indianapolis facility, in continuing violation of Section 703(b) of Title VII, 42 U.S.C. § 2000e-2(b), by failing or refusing to assign temporary

workers/applicants for temporary work to jobs because of the workers' or applicants' sex. Defendant's above-described actions, in addition to individually violating Section 703 (b) of Title VII, 42 U.S.C. § 2000e-2(b), constitute a pattern or practice of discrimination based on sex in violation of Section 703 (b) of Title VII, 42 U.S.C. § 2000e-2(b).

7. On or about June 29, 2006, Defendant Employment Agency engaged in an additional unlawful employment practice at its Indianapolis facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), when it discriminated against Patience Boyd for making a complaint of sex discrimination by banning her from returning for future job placements.

8. The effect of the practices complained of in paragraph six above has been to deprive Patience Boyd, Shaquanna Ross, and a class of similarly situated individuals not referred for jobs due to their sex, of equal employment opportunities, and otherwise adversely affect their status as temporary workers or applicants for employment because of their sex. The effect of the practice complained of in paragraph seven above has been to deprive Patience Boyd of equal employment opportunities, and otherwise adversely affect her status as a temporary worker/applicant for temporary employment, because she opposed an employment practice made unlawful by Title VII.

9. Since at least September 1, 2005, Defendant Employment Agency has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

10. The unlawful employment practices complained of in paragraphs six and seven above were and are intentional.

11. The unlawful employment practices complained of in paragraphs six and seven

above were and are done with malice and with reckless indifference to the federally protected rights of Patience Boyd, Shaquanna Ross, and a class of similarly situated individuals not referred for jobs due to their sex.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employment Agency, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in sex discrimination by failing or refusing to assign temporary workers to jobs because of the workers' sex, from engaging in any other employment practice which discriminates on the basis of sex, and from discriminating or retaliating against temporary workers or applicants for making complaints opposing sex discrimination.

B.  Order Defendant Employment Agency to institute and carry out policies, practices, and programs which provide equal employment opportunities for temporary workers regardless of sex, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employment Agency to make whole Patience Boyd, Shaquanna Ross, and a class of similarly situated individuals not referred for jobs due to their sex, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the payment of frontpay to Patience Boyd, Shaquanna Ross, and a class of similarly situated individuals not referred for jobs due to their sex, and compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs six and seven above, in amounts to be determined at trial.

    D.    Order Defendant Employment Agency to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

    E.    Order Defendant Employment Agency to make whole Patience Boyd, Shaquanna Ross, and a class of similarly situated individuals not referred for jobs due to their sex, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs six and seven above, including emotional pain, suffering, loss of enjoyment of life, humiliation, embarrassment, and inconvenience, in amounts to be determined at trial.

    F.    Order Defendant Employment Agency to pay Patience Boyd, Shaquanna Ross, and a class of similarly situated individuals not referred for jobs due to their sex punitive damages for its malicious and reckless conduct described in paragraphs six and seven above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

*/s/ Michelle Eisele*
MICHELLE EISELE, #12070-49
Acting Regional Attorney

*/s/ Johanna Philhower Maple*
JOHANNA PHILHOWER MAPLE
Trial Attorney, #20245-49

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, IN 46204
(317) 226-5601
Fax: (317) 226-5571
johanna.maple@eeoc.gov