## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br>    Plaintiff, </br></br>    vs. </br></br> LABOR WORKS-INDIANAPOLIS, LLC, and LABOR WORKS INTERNATIONAL, LLC, </br></br>    Defendants. | ) ) ) ) ) ) CAUSE NO. 1:07-cv-1201-WTL-DML ) ) ) ) ) |

### ENTRY ON PENDING MOTION

This cause is before the Court on the Plaintiff's Motion to Determine Amount of Punitive Damages in Phase I Trial. The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

The Plaintiff in this case alleges, *inter alia*, that the Defendants have engaged in a pattern or practice of sex discrimination by choosing to dispatch only men to certain jobs. The parties in this case have stipulated to a bifurcated trial, pursuant to which liability, including whether punitive damages and injunctive relief are warranted, will be determined in the first phase and the amount of damages will be determined in the second. In the instant motion, the Plaintiff seeks to amend the bifurcation plan to provide that the amount of punitive damages, if any, will be determined in the first phase.

The Defendants, relying heavily on a well-reasoned case from the Northern District of Illinois, argue that the Plaintiff's proposal is improper. However, that case is readily distinguished from the instant case because, unlike here, there was no agreement in that case that the question of whether punitive damages were appropriate would be decided in the first phase

of trial. In light of that agreement in this case, it would be completely inefficient to postpone the decision of the amount of punitive damages, if any, to the second phase. The first jury will hear all of the evidence regarding the propriety of punitive damages, and in the event that it finds in favor of the plaintiffs on that issue, it is that same evidence, by and large, that will be used to determine the amount of punitive damages that are necessary and appropriate to punish the defendant and deter future misconduct. *See Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605, 2621 (2008) (discussing purpose of punitive damage awards). Therefore, under the circumstances of this case, the Court determines that the Plaintiff's bifurcation proposal best serves the interests of judicial economy. Inasmuch as the Defendants have not demonstrated that there are any countervailing interests that render the Plaintiff's proposal inappropriate, the Plaintiff's motion is **GRANTED**.

SO ORDERED: 03/02/2009

*[signature]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Kenneth L. Bird
EQUAL EMPLOYMENT OPPORTUNITY COMM
kenneth.bird@eeoc.gov

Bryan J. Dillon
FORE MILLER & SCHWARTZ
bjdatty@aol.com

Michelle Eisele
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
michelle.eisele@eeoc.gov

F. Larkin Fore
FORE, MILLER & SCHWARTZ
flfore@foreandschwartz.com

Sarah Fore Whittle
FORE MILLER & SCHWARTZ
sfore@foreandschwartz.com